UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELOY CRUZ | : | |
|     Petitioner | : | CRIMINAL NO. |
| v. | : | 3:00-cr-77 (JCH) |
| | : | CIVIL NO. |
| | : | 3:03-cv-1174 (JCH) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | NOVEMBER 18, 2004 |

**RULING ON MOTION FOR RECONSIDERATION [DKT. NO. 73]**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the petitioner, Eloy Cruz, moves this court to reconsider its previous ruling denying a motion to vacate his conviction pursuant to section 2255 of title 28 of the United States Code. Cruz argues that the court's previous ruling "made a cursory determination of the issues" and made "a manifest error of law <u>and</u> fact" and, therefore, ought to reconsider its denial of his original 2255 motion. That motion argued that Cruz' counsel was ineffective because he did not provide Cruz with all relevant evidence against him prior to Cruz entering a plea of guilty.

**I.    FACTS**

The facts are taken as they were described in the original Ruling on Petition for Writ of Habeas Corpus [Dkt. No. 71]. Most relevant for the court's purposes here is the fact that on September 25, 2001, Cruz entered a plea of guilty to the conspiracy charge. Defendant in his plea stipulated to 500 grams of the controlled substance.

On December 17, 2001, this court sentenced Cruz to a term of incarceration of 168 months, to be followed by 5 years supervised release. The sentence imposed was

at the lower end of the defendant's applicable Guideline range and was calculated by the court as a base offense level of 36. The base offense level was premised on a finding that the relevant drug quantity was 500 grams of cocaine base, the amount stipulated to by the defendant. Upon consideration of a two-level reduction for accepting responsibility of the offense and a one point reduction for filing a timely guilty plea, the court found that the applicable total offense level was 33. Given Cruz's criminal history category of three and an offense level of 33, the guideline range was 168 to 280 months, with a statutory minimum of ten years of imprisonment. This court stated on the record that a term of any more than 168 months would not be necessary to achieve the objectives of the sentencing.

### III. DISCUSSION

Cruz asks this court to reconsider its prior Ruling on Petition for Writ of Habeas Corpus [Dkt. No. 66]. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Trasn., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992). Because Cruz does not point to "an intervening change of controlling law" or new

evidence, the court's current inquiry is limited to whether its prior ruling was made in "clear error" or resulted in "manifest injustice."  See id.  Cruz argues that "[t]he error of law here is that if counsel allowed the Petitioner to stipulate to drug quantity that he is not responsible for violates Petitioner's expectation of effective assistance of counsel."  Mot. for Reconsideration Pursuant to Rule 59(e), Federal Rules of Civil Procedure [Dkt. No. 72] at 2.  Cruz' counsel did not allow him to stipulate to a drug quantity for which he was not responsible.  Cruz pled guilty to conspiracy to possess with intent to distribute a controlled substance.  Upon his own knowledge of the crime committed and the government's evidence that the object of the conspiracy was to possess 500 grams, Cruz stipulated that the amount of cocaine base he conspired to possess with intent to distribute was 500 grams.

   According to the plea agreement, "the defendant and the Government acknowledge that the Guidelines equivalent of at least 500 grams but less than 1.5 kilograms of cocaine base is the quantity commensurate with his criminal activity which forms the basis of the violations charged . . ." [Dkt. No. 54]  Furthermore, the plea agreement notes that "the defendant's offense level is based on information known to the Government from sources other than any debriefing of the defendant."  Id.  At the change of plea hearing on September 25, the government asserted that numerous witnesses, including a confidential informant who had negotiated the relevant purchase, would testify to the fact that Cruz negotiated the purchase of 500 grams of cocaine base in exchange for $13,500.  Hrg. Trans. 9/25/01 at 30.  In addition, the government

acknowledged, in Cruz' presence and prior to his plea of guilty, that the actual weight of the cocaine base seized was 490 grams.  Id.  As defense counsel stated during the course of the proceeding, however, the stipulation was made "on the basis . . . that there was an agreement that a conspiracy existed to possess that amount [500 grams]."  Id. at 31.

In this case the government could produce witnesses to testify to the effect that a conspiracy to possess 500 grams existed.  Furthermore, the government could produce evidence that in addition to conspiring to distribute 500 grams, Cruz and his co-conspirator had conspired to possess an additional fifty grams of cocaine base.[1]  Therefore, Cruz' counsel was not unreasonable in advising his client to stipulate to that amount in a bargained-for exchange where Cruz received a three point deduction for acceptance of responsibility pursuant to §3E1.1 of the United States Sentencing Guidelines.  Cruz has not made a showing that the original Ruling on Petition for Writ of Habeas Corpus resulted in "clear error" or "manifest injustice" and, therefore, the court declines to reconsider its former ruling.  See Virgin Atlantic Airways, Ltd., 956 F.2d at 1255.

---

[1]The presentence report points to evidence accessible to the government that made defense counsel's decision to suggest that Cruz plead guilty reasonable.  The presentence report describes an agreement made by Cruz to sell 500 grams of cocaine base.  In addition, according to the presentence report, over fifty grams of cocaine base were found in Cruz' accomplice's car.  Under the Sentencing Guidelines section 1B1.3, that amount of cocaine could be attributed to Cruz: "In the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction" may provide the basis for determining the appropriate base offense level.  United States Sentencing Commission, Guidelines Manual, §1B1.3(a)(1)(B) (Nov. 1998).

### III.    CONCLUSION

For the foregoing reasons, the petitioner's Motion for Reconsideration [Dkt. No. 72] is hereby DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of November, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge