FILED

2008 JUL 24 A 11: 39

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT BRIDGEPORT, CONN.

UNITED STATES OF AMERICA  :  CRIMINAL NO.: 3:00CR00077(JCH)

V.

ELOY CRUZ  :  JULY 22, 2008

### MEMORANDUM IN SUPPORT OF ORDER TO SHOW CAUSE FOR REDUCTION OF SENTENCE PURSUANT TO 18 USC § 3582(C)(2)

On December 19, 2001, Defendant Eloy Cruz was sentenced to a term of imprisonment of 168 months after having pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams Or More of Cocaine Base in violation of 21 U.S.C. §§ 846 & 841(a)(1).

The sentence was imposed under the sentencing guidelines, and the Defendant's applicable Guideline range was calculated to be between 168 – 210 months. This was based upon the following: A Base Offense Level of 36 (pursuant to 2D1.1(c)(2) for a crack cocaine quantity of 500 grams – 1.5 kilograms of crack cocaine), minus 3 levels for Acceptance of Responsibility (Guidelines §§ 3E1.1(a) and (b), for an adjusted offense level of 33. The Defendant's Criminal History was determined to be a Category III. The sentence imposed by the Court was 168 months.

Subsequent to the Defendant's sentencing on November 1, 2007, an amendment to §2D1.1 of the guidelines took effect, which reduced base offense levels for most quantities of crack cocaine by two levels. See U.S.S.G. § 2D1.1(c)(3). This amendment was adopted in response to studies which raised serious doubts about the fairness and rationale of the 100-to-1 crack powder ratio incorporated into the sentencing guidelines. *See generally* United States Sentencing Commission, Report to Congress: *Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (Feb. 1995). See also Kimbrough v. United States, 128 S.Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports).

Subsequent to the effective date of the amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582(c)(2). It took that action on December 11, 2007, by including this amendment in the list of retroactive amendments in § 1B1.10 of the guidelines. See 73 Fed. Reg. 217-01 (2008). Based on this retroactivity and the statutory authority

underlying it, and the Supreme Court's intervening decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007). <u>Gall v. United States</u>, 128 S.Ct. 586 (2007); and <u>Kimbrough v. United States</u>, <u>supra</u>, the Defendant brings this Motion.

## ARUGMENT

**THE DEFENDANT'S BASE OFFENSE LEVEL SHOULD BE REDUCED FROM 36 TO 34, AND CONSEQUENTLY HIS TOTAL OFFENSE LEVEL SHOULD BE REDUCED FROM 33 TO 31, AND THE GUIDELINE RANGE REDUCED FROM 168-210 MONTHS TO 135-168 MONTHS BASED ON THE AMENDMENT TO § 2D1.1**

18 U.S.C. § 3582(c)(2) provides as follows: [I]n the case of a Defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the Defendant . . . the Court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guideline policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement and one of the amendments which is listed is amendment 711 to the guidelines. That is

the amendment which reduces the base offense level for crack cocaine offenses. See U.S.S.G., App. C, § 711.

Application of this amendment to the crack cocaine guideline in the present case results in a decrease of the base offense level from 36 to 34, a decrease in the total offense level from 33 to 31, and a decrease in the resulting guideline range from 168 – 210 months to 135 – 168 months. It is respectfully submitted that the Court should resentence the Defendant to 135 months imprisonment.

Assistant United States Attorney H. Gordon Hall does not object to this request for resentencing and has filed a Memorandum of Law in support of the Defendant's eligibility for a reduced sentence.

## CONCLUSION

It is respectfully requested that the Court reduce the Defendant's sentence to 135 months incarceration pursuant to the amendment. The Court should reduce the Defendant's sentence pursuant to 18 U.S.C. Sec. 3582(c) and issue an amended judgment reducing his sentence from 168 months to 135 months. Again, it should be noted that the Government has filed a Notice Regarding Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582 (c) which supports a two level reduction for the Defendant.

Respectfully submitted,
Defendant

BY: /s/ Robert G. Golger
ROBERT G. GOLGER
Juris No. CT03116
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT 06825
(203) 255-9928

## **CERTIFICATION**

On the 22nd day of July 2008, a copy of this pleading was sent via U.S. mail, postage prepaid, to all counsel and pro se parties as follows:

H. Gordon Hall, Esq.
Assistant United States Attorney
Office of the United States Attorney
157 Church Street
New Haven, CT  06510

United States Probation Officer Joseph Zampano
United States Probation Office
157 Church Street
New Haven, CT  06510

ROBERT G. GOLGER